1   Jeannette K. Witten (State Bar Nº. 203756)
2       *jwitten@hudsonmartin.com*
    Gavin Kogan (State Bar Nº. 201564)
3       *gkogan@hudsonmartin.com*
    HUDSON MARTIN PC
4   P.O. Box 112
    Monterey, CA 93942
5   Tel. 831-373-0486
    Fax. 831-373-4207
6
7   Attorneys for Plaintiff
    The Nunes Company, Inc.

8                    **UNITED STATES DISTRICT COURT**

9                    **NORTHERN DISTRICT OF CALIFORNIA**

10                          **SAN JOSE DIVISION**

11

12  THE NUNES COMPANY, INC., a          Case No.
    California corporation,
13
                    Plaintiff,          **COMPLAINT FOR:**
14
         v.                             **(1) TRADEMARK INFRINGEMENT**
15                                          **UNDER 15 U.S.C. § 1114;**
    PALINDROME ENTERPRISES INC., a      **(2) TRADEMARK DILUTION BY**
16  Delaware corporation registered to conduct   **BLURRING UNDER 15 U.S.C. § 1125**
    business in California and *aka* FOXY       **(C)(2)(B);**
    USA, and DOES 1 – 10, et al,        **(3) TRADEMARK DILUTION BY**
17                                          **TARNISHMENT UNDER 15 U.S.C. §**
                    Defendants.             **1125 (c)(2)(c);**
18                                       **(4) FRAUD IN THE PROCUREMENT**
                                            **UNDER 15 U.S.C. §1120;**
19                                       **(5) CANCELLATION OF**
                                            **REGISTRATION UNDER 15 U.S.C.§**
20                                          **1064; AND**
21
22                                       **DEMAND FOR JURY TRIAL**

23

24          NOW COMES Plaintiff THE NUNES COMPANY, INC. and by and through its attorneys

25  of record complains and alleges upon information and belief against PALINDROME

26  ENTERPRISES INC., a Delaware corporation registered to do business in California and *aka*

27  _____

28  _____

FOXY USA and DOES 1 – 10, as follows:

## PARTIES

1.      Plaintiff The Nunes Company, Inc. ("**Plaintiff**") is, and at all times mentioned herein was, a corporation organized and existing under the laws of the State of California, having its principal place of business at 925 Johnson Avenue, Salinas, California, 93901, and is the holder of multiple federally and internationally registered trademarks described in more detail *infra* which in the collective are referred to herein as the "FOXY MARK" trademarks.

2.      Plaintiff is informed and believes, and on that basis alleges, that Defendants Palindrome Enterprises Inc. *aka* Foxy USA, et al. ("**Defendants**"), is, and at all times mentioned herein was, a corporation organized and existing under the laws of the State of Delaware, registered to conduct business in within the State of California and having its principal place of business at 183 North Martel Avenue, Suite 200, Los Angeles, California, 90036.

3.      The true names and capacities, whether individual, corporate or otherwise, of the Defendants named herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained.

4.      Plaintiff is informed and believes, and on that basis alleges, that each of the Defendants designated herein as a "DOE" is legally responsible in some manner for the events and happenings herein alleged, and that Plaintiff's damages as alleged herein were, or if not enjoined will be, proximately caused by such Defendants.

## JURISDICTION AND VENUE

5.      This action arises under the federal trademark statute (the "**Lanham Act**"), 15 U.S.C. § 1051 *et seq.*, and under the common law of the State of California.  This Court has original subject matter jurisdiction over the federal trademark infringement, dilution by blurring and dilution by tarnishment and fraud in the procurement claims pursuant to 15 U.S.C § 1114 (1), 15 U.S.C. § 1121, 15 U.S.C. § 1125(c), 15 U.S.C. § 1120 and 28 U.S.C. § 1338(a).

6.      Plaintiff is informed and believes, and on that basis alleges, that this Court has personal jurisdiction over Defendants because they maintain their principal place of business within the State of California; Defendants have extensive contacts with, and conduct business within, the State of California and this judicial district; Defendants have caused their products to be advertised, promoted, and sold throughout areas in this judicial district; the causes of action asserted in this Complaint arise out of Defendants' contacts with this judicial district; and because Defendants have caused tortious injury to Plaintiff in this judicial district through direct consumer contact and commercial marijuana sales through the internet.

7.      Plaintiff is informed and believes, and on that basis alleges, that venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c) and (d) because Defendants have extensive contacts with, and conduct business within, the State of California and this judicial district; Defendants have caused their products and the infringing items complained of herein to be advertised, promoted, and sold in this judicial district; the causes of action asserted in this Complaint arise out of Defendants' contacts with this judicial district; and because Defendants have caused tortious injury to Plaintiff in this judicial district.

## INTRADISTRICT ASSIGNMENT

8.      Because this action is an Intellectual Property Action as specified in Northern District of California Civil L. R. 3-2(c), it is to be assigned on a district-wide basis.  Assignment to the San Jose Division is appropriate pursuant to Civil Local Rules 3-2(c) and 3-2(d) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred, among other places, within this district, including Monterey County.

## FACTUAL BACKGROUND

### Plaintiff's Business and The Nunes Company, Inc. Trademarks

9.      The Nunes family has been farming produce in California's Salinas Valley since the 1930s. In 1976, brothers Bob Nunes and Tom Nunes formed The Nunes Company, Inc., the Plaintiff herein and an icon in the produce industry for leading the way in branding produce as a consumer packaged good.

COMPLAINT FOR TRADEMARK INFRINGEMENT, DILUTION, FRAUD IN THE PROCUREMENT, CANCELLATION OF REGISTRATION
The Nunes Company, Inc. v. Palindrome Enterprises Inc., et al.   N.D. CA; Case No.

10.     At the time of its corporate formation in 1976, the Plaintiff applied for its first U.S. federal trademark (Reg. No. 1,071,090) for the word mark FOXY in connection with natural agricultural products, namely fresh vegetables which was granted on August 9, 1977. A few years later, on May 22, 1979, the USPTO issued to Plaintiff its 2nd U.S. federal trademark (Reg. No. 1,118,899) for the design mark FOX HEAD DESIGN or DESIGN OF FOX HEAD. These two trademarks together with later iterations form the intellectual property bedrock upon which the iconic Foxy lettuce and vegetable brand are built (and are collectively referred to herein as the FOXY MARK).

11.     Over the following four (4) decades, The Nunes Company masterfully used the FOXY MARK to build a brand associated by consumers around the globe with the world's freshest produce and vegetables and the wholesome American image of a hardworking family business dedicated to the farm and community. One marketing campaign employed 20-ish actress and international supermodel Brooke Shields in blue jeans driving an old pick-up truck and extolling the virtue of ] healthy natural foods grown at Plaintiff's Yuma, Arizona farm. (See Brooke Shield's Foxy campaign attached hereto and incorporated herein as **Exhibit A**).

12.     Over time the Foxy brand matured and other associations such as organic certified and natural food products attached in the minds of consumers to the FOXY MARK. (See the Heintzman 2001 New York Consumer Market Study excerpt attached hereto and incorporated herein as **Exhibit B**.) On the 30th anniversary of the Brooke Shield's Foxy campaign, the Plaintiff and Brooke Shields launched a successful new advertising campaign featuring Brooke Shields, now as an active, working mom who is beautiful, health conscious and a consumer of Foxy organic goods. (See Brooke Shield's Foxy campaign as **Exhibit A**.)

13.     The FOXY MARK'S famous reputation has been built over decades by the Plaintiff's consistent farming and marketing of wholesome farmed food products around the globe and creative licensing activities. For example, the Foxy brand boasts cross-branding campaigns with other famous food brands such as Hidden Valley™, Et Tu Caesar™, Marie's™ and Oscar Mayer™. Today, Plaintiff generates significant revenues and consumer brand awareness by

licensing the FOXY MARK in relation to strawberries, and previously for other healthy products including citrus, grains, potatoes, and snacks.

14.     As a direct result of Plaintiff's four decades of continuous and exclusive use of the FOXY MARK and wide-ranging global marketing, licensing and media efforts, the FOXY MARK is broadly widely recognized by the general public. The consuming public uses the FOXY MARK to identify Plaintiff's fresh vegetables and produce and associates the FOXY MARK exclusively with the Plaintiff and its reputation as a family farmer.

15.     The Plaintiff brings this action because Defendant markets and sells marijuana products using the FOXY MARK. Marijuana is highly illegal schedule 1 narcotic listed under the 1972 Controlled Substances Act and since the late 1940's has been the subject of intense U.S. government public protection campaigns that have chiseled into the American consumer psyche a perspective that marijuana is unwholesome, unhealthy, pernicious and reviled.

16.     As a result of Defendant's use of the FOXY MARK in relation to marijuana goods, Plaintiff's four decades of effort to associate the FOXY MARK with healthy and wholesome family farm products is jeopardized.  Defendants' use of the FOXY MARK and logo, which is confusingly similar to that of Plaintiff's FOXY MARK creates a grave likelihood of dilution by blurring, tarnishment and impairs the distinctiveness of Plaintiff's FOXY MARK.

17.     While there is a growing trend of marijuana tolerance in many U.S. states, marijuana remains federally illegal and illegal in most international markets where Plaintiff's goods are sold under the FOXY MARK.  Plaintiff does not have any association with Defendant, marijuana and the Defendant's use of the FOXY MARK in relation to marijuana will likely confuse consumers and likely create an unacceptable association between the Plaintiff's produce goods and Defendant's marijuana goods.

18.     In addition to its common law trademark rights, The Nunes Company, Inc. holds the following federally registered trademarks rights, as follows:

19.     On August 9, 1977, the United States Patent and Trademark Office ("**USPTO**") issued to Plaintiff the U.S. Trademark Registration No. 1,071,090 for the *word mark* FOXY

(stylized and/or with design) in connection with Natural Agricultural Products, namely, Fresh Vegetables (International Class 31).  A true and correct copy of <u>Plaintiff's registration materials for U.S. Trademark Registration No. 1,071,090</u> are attached hereto as **Exhibit C** and incorporated herein by this reference.

20.     On <u>May 22, 1979</u>, the USPTO issued to Plaintiff the U.S. Trademark Registration No. 1,118,899 for the *design mark* FOX HEAD DESIGN or DESIGN OF FOX HEAD (stylized and/or with design) in connection with Fresh Vegetables (International Class 31). A true and correct copy of <u>Plaintiff's registration materials for U.S. Trademark Registration No. 1,118,899</u> are attached hereto as **Exhibit D** and incorporated herein by this reference.

21.     On <u>April 14, 1992</u>, the USPTO issued to Plaintiff the U.S. Trademark Registration No. 1,683,142 for the *design mark* N & RUNNING FOX DESIGN (stylized and/or with design) in connection with Fresh Vegetables (International Class 31).  A true and correct coy of this <u>Plaintiff's registration materials for U.S. Trademark Registration No. 1,683,142</u> are attached hereto as **Exhibit E** and incorporated herein by this reference.

22.     On <u>March 27, 2012</u>, the USPTO issued to Plaintiff the U.S. Trademark Registration No. 4,117,560 for the *design mark* FOXY (stylized and/or with design) (design plus words, letters, and/or numbers) in connection with all goods/services, namely: Hats, T-shirts (International Class 25); Fresh Fruit and Vegetables (International Class 31).  A true and correct copy of <u>Plaintiff's registration materials for U.S. Trademark Registration No. 4,117,560</u> are attached hereto as **Exhibit F** and incorporated herein by this reference.

23.     On <u>May 23, 2017</u>, the USPTO issued to Plaintiff the U.S. Trademark Registration No. 5,208,140 for the *design mark* FOXY ORGANIC (stylized and/or with design) (design plus words, letters, and/or numbers) in connection with Organic Fresh Fruit and Vegetables (International Class 31).  A true and correct copy of <u>Plaintiff's registration materials for U.S. Trademark Registration No. 5,208,140</u> are attached hereto as **Exhibit G** and incorporated herein by this reference.

24.     On <u>May 22, 2018</u>, the USPTO issued to Plaintiff the U.S. Trademark Registration No. 5,472,677 for the *design mark* FOXY ORGANIC (stylized and/or with design) (design plus words, letters, and/or numbers) in connection with Organic Fresh Herbs (International Class 31). A true and correct coy of <u>Plaintiff's registration materials for U.S. Trademark Registration No. 5,472,677</u> are attached hereto as **Exhibit H** and incorporated herein by this reference.

25.     On <u>December 26, 2012</u>, the International Trademark System issued to Plaintiff the Registration No. 1,147,478 (USPTO Ref. No. A0033373) for the *design mark* FOXY (design plus words, letters, and/or numbers).  The participating countries are the United States, Switzerland, Germany, the United Kingdom, Italy, Japan, Sweden, Singapore, the United Arab Emirates, and Bahrain.  A true and correct copy of the <u>Plaintiff's Certificate of Renewal for Registration No. 1,147,478 (USPTO Ref. No. A0033373)</u> as well as other documentation is attached hereto as **Exhibit I** and incorporated herein by this reference.

26.     On <u>December 23, 1994</u>, the Canadian Intellectual Property Office issued to Plaintiff the Registration No. TMA437,279 for the *design mark* FOXY & DESIGN in connection with Fresh vegetables, and cut, ready to serve fresh vegetables. A true and correct copy of <u>Plaintiff's Canadian Issuance for Registration No. TMA437,279</u> is attached hereto as **Exhibit J** and incorporated herein by this reference.

27.     On <u>February 18, 2009</u>, the Canadian Intellectual Property Office issued to Plaintiff the Registration No. TMA734,709 for the *design mark* DESIGN OF FOX HEAD WITHIN A CIRCLE in connection with Fresh fruits and vegetables and Processed fruits and vegetables.  A true and correct copy of <u>Plaintiff's Canadian Issuance for Registration No. TMA734,709</u> is attached hereto as **Exhibit K** and incorporated herein by this reference.

28.     As the owner of U.S. Trademark Registration Nos. 1071090, 1118899, 1683142, 4117560, 5208140 and 5472677, and International Trademark System Registration No. 1147478, as well as registrations in Canada, Plaintiff Nunes continues to utilize such trademarks in its ongoing operation of its businesses. In particular, Plaintiff continues to use its FOXY MARK trademarks without interruption in connection with all goods/services, and specifically continues

COMPLAINT FOR TRADEMARK INFRINGEMENT, DILUTION, FRAUD IN THE PROCUREMENT, CANCELLATION OF REGISTRATION

The Nunes Company, Inc. v. Palindrome Enterprises Inc., et al.     N.D. CA; Case No.

to use its FOXY MARK trademarks in connection with its natural agricultural products as well as hats and t-shirts.

29.     The FOXY MARK trademarks are registered on the USPTO principal register and pursuant to federal law there exists a presumption in favor of Plaintiff with respect to the validity, ownership, and right to enforce its exclusive right to use of the FOXY MARK trademarks throughout the United States.

Defendant Palindrome Enterprises Inc.'s Unauthorized

Use of the FOXY MARK Trademarks

30.     Defendants sell marijuana flower and marijuana oil cartridges under the brand name "FOXY" and alongside a stylized logo of a fox. Under the 1972 Controlled Substances Act, marijuana is long classified as a schedule one narcotic, designated as federally illegal because it has no accepted medical use and poses a potential for abuse. Accordingly, the USPTO does not recognize, nor issue trademarks to applicants that market or sell marijuana in any form (flower, oil, edibles, vape pens, etc.) prohibited by federal law.

31.     Defendant is headquartered in Los Angeles, California. Defendant advertises and sells marijuana to the public through their website domain https://foxyusa.com and in select California marijuana retail facilities throughout the state under the authorization of the State of California, Department of Marijuana Control.

32.     The Department of Marijuana Control is the licensing and regulatory government agency that regulates all licensed marijuana companies in California.  It is illegal to sell marijuana in California without a state license issued by the California Department of Marijuana Control.  A California state licensee cannot sell marijuana outside the State of California and cannot place marijuana into the stream of interstate commerce.

33.     On February 16, 2021, Defendants was issued a U.S. trademark (Reg. No. 6,273,815) for a single word mark "FOXY" in relation to goods and services (U.S. 100, 101 and 107) for "providing an internet website featuring written content, current events information, news, and commentary in the fields of marijuana, hemp, cannabinoids and terpenes for entertainment

purposes; education services, namely, providing an internet website featuring written content, current events information, news, and commentary in the fields of marijuana, hemp, cannabinoids and terpenes for entertainment purposes" (hereinafter, the "PALINDROME MARK"). Defendants submitted the website domain name of *https://foxyusa.com* as proof of use in commerce.   A true and correct copy of Defendant's <u>PALINDROME MARK Trademark Registration & Screenshot Specimens</u> submitted to the USPTO is attached hereto as **Exhibit L** and incorporated herein by this reference.

34.     The Plaintiff and Defendants' word marks are not just similar but identical in spelling and pronunciation. Both Defendants' and Plaintiff's marks include the word FOXY and bear the design logo of a fox over the word FOXY. The Defendants' PALINDROME MARK was applied for and registered as an informational website; however, just twenty-four months later Defendants changed the use of the PALINDROME MARK on their website to accomplish direct-to-consumer sale of premium marijuana flower and marijuana vaporizer cartridges.  Defendants also market their goods under the PALINDROME MARK via *Instagram* using the identifier "@FoxyUSA."

35.     On information and belief, Plaintiffs aver that Defendants submitted the trademark registration for the PALINDROME MARK with the intent to defraud the USPTO into granting a trademark that did not violate federal law, only to change their use of the PALINDROME MARK after issuance in a manner that violates federal law. Plaintiff submits the following chronology of Defendant's filing before the USPTO to highlight the facts asserted on information and belief.

36.     On November 8, 2019, Defendants submitted their trademark application for the PALINDROME MARK, and stated under Section 1(b) "intent to use" basis, that it was in relation to an internet website featuring written content, current events information, news, and commentary in the fields of marijuana, hemp, cannabinoids and terpenes, for entertainment purposes; education services, namely, providing an internet website for *business purposes, entertainment purposes* and *related to health and wellness.*  [Emphasis added].

COMPLAINT FOR TRADEMARK INFRINGEMENT, DILUTION, FRAUD IN THE PROCUREMENT,
CANCELLATION OF REGISTRATION
The Nunes Company, Inc. v. Palindrome Enterprises Inc., et al.     N.D. CA; Case No.

37.    On November 3, 2020, Defendants secured a California trademark for the word mark, "FOXY."

38.    On December 9, 2020, Defendants submitted trademark specimens in the form of PDF screenshots of their website at *https://foxyusa.com*.  Specimens of Use were submitted on November 15, 2020 and the website ostensibly dealt with education about cannabinoids and terpenes (types of active chemical compounds found in marijuana).  The specimens submitted included very basic subject matter information. (See *https://foxyusa.com* Screenshot Specimens as **Exhibit L**). The website menu included the options *Home, Products, Learn* and *Contact.*

39.    On February 10, 2020, in response to USPTO Office Action, the Defendants revised the application and changed it to exclusively for *entertainment* purposes asserting they had the "bona fide intention, and were entitled, to use the mark in commerce on or in connection with the identified goods/services in the application."  Defendant did not represent on their application or in response to the USPTO Office Action that they intended to sell marijuana under the PALINDROME MARK.

40.    Perhaps earlier, but no earlier than August 21, 2021, the Defendants website was updated to sell marijuana to the public under the PALINDROME MARK.  Thus, a mere 18 months post issuance of the PALINDROME MARK, the Defendants transitioned from using the PALINDROME MARK in relation to a website for "entertainment and education" to selling marijuana in violation of federal law. A true and correct copy of *https://foxyusa.com* Screenshots Evidencing Sale of Marijuana attached hereto as **Exhibit M** and incorporated herein by this reference.

41.    On information and belief, Defendants knew at the time of filing for the PALINDROME MARK that they intended to use the mark after issuance in relation to the marketing and sale of marijuana.  On information and belief, the "educational services" under which the Defendants' trademark was sought was in actuality a well-considered "holding position" filing strategy frequently employed by cannabis attorneys across the nation to enable Defendants to post-issuance use the mark in connection with the sale of branded marijuana goods. On

COMPLAINT FOR TRADEMARK INFRINGEMENT, DILUTION, FRAUD IN THE PROCUREMENT,
CANCELLATION OF REGISTRATION
The Nunes Company, Inc. v. Palindrome Enterprises Inc., et al.     N.D. CA; Case No.

information and belief, Defendants acted with intent and knowledge and bad faith in an effort to deceive the USPTO in procuring registration of the PALINDROME MARK.

42.     On June 8, 2021, Plaintiff's attorney sent Defendants a cease-and-desist demand together with a copy of the FOXY MARK registration demanding Defendants stop using their registered trademarks. A true and correct copy Plaintiff's first demand letter upon Defendants, dated June 8, 2021 is attached hereto as **Exhibit N** and incorporated herein by this reference.

43.     On June 21, 2021, Defendants' counsel responded to Plaintiff's cease and desist letter and refused to stop use of the FOXY MARK. A true and correct copy Defendants cease and desist response, dated June 21, 2021 is attached hereto as **Exhibit O** and incorporated herein by this reference.

44.     On December 5, 2022, Plaintiff's counsel wrote a second cease-and-desist letter to Defendants demanding Defendants stop using the FOXY MARK. A true and correct copy Plaintiff's second demand letter upon Defendants, dated December 5, 2022 is attached hereto as **Exhibit P** and incorporated herein by this reference.

45.     On information and belief, the Defendants have responded that there is no basis for an assertion of consumer confusion and continue to use the FOXY MARK without alteration.

46.     Defendants' refusal to heed Plaintiff's cease and desist demands and continuing violation of Plaintiff's trademark rights demonstrates a deliberate intent to harm Plaintiff.

### **FIRST CAUSE OF ACTION**

### **Federal Trademark Infringement**

*15 U.S.C. § 1114 against all Defendants*

47.     Plaintiff realleges and incorporates herein the allegations contained in the above Paragraphs of this Complaint.

48.     The actions of Defendants described above and specifically, without limitation, Defendants' unauthorized use of the phrase FOXY and the use of an image of a fox each constitute a separate infringement upon Plaintiff's registered FOXY MARK trademarks, pursuant to 15 U.S.C. § 1114.

49.     Such use by Defendants has caused confusion and is likely to continue to cause confusion, mistake and deception of the public as to the identity and origin of Plaintiff's goods and services, causing irreparable harm to Plaintiff for which there is no adequate remedy at law.

50.     Moreover, Plaintiff is informed and believes, and on that basis alleges, that the actions of Defendants were undertaken and continue to be exercised willfully, deliberately and with knowledge and intention that Defendants' use and continued use of the Plaintiff's trademarks were likely to or actually did cause confusion, mistake, or deception.

51.     Based upon Defendants' above stated conduct, Plaintiff avers that the actions of Defendants described above, if not enjoined, will continue.  Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value of goodwill associated with its FOXY MARKS trademarks, and injury to Plaintiff's future business and profits.

52.     By reason of the foregoing acts, Defendants are liable to Plaintiff for trademark infringement under 15 U.S.C. § 1114 and Plaintiff respectfully requests the Court grant relief as set forth in more detail in the prayer for relief below.

## SECOND CAUSE OF ACTION

### Federal Trademark Dilution by Blurring

*15 U.S.C. § 1125(c)(2)(B) against all Defendants*

53.     Plaintiff realleges and incorporates herein the allegations contained in the above Paragraphs of this Complaint.

54.     The actions of Defendants described above and specifically, without limitation, Defendant's unauthorized use of the famous FOXY MARK constitutes a separate infringement upon Plaintiff's registered trademarks respectively, pursuant to 15 U.S.C. § 1125(c)(2)(B).

55.     Plaintiff's distinctive FOXY MARK has become famous as a result of the four (4) decades of use both nationally and internationally.  This is a direct result of the substantial time, money, resources, advertising, licensing agreements and media promotions to create a branded product that is widely familiar and known to consumers.  The actions of Defendants described

above and specifically, without limitation, their unauthorized use in commerce to promote, market or sell marijuana goods began decades after Plaintiff's FOXY MARK entered the stream of commerce and the unauthorized use of the FOXY MARK has caused confusion and harms Plaintiff's reputation by misrepresenting the nature of the goods and mission statement of Plaintiff's business.  Defendants' unauthorized use has caused and will continue to cause damage to Plaintiff, and is causing irreparable harm to Plaintiff's business, reputation, and goodwill for which there is no adequate remedy at law.

56.     Plaintiff is informed and believes, and on that basis alleges, that Defendants had constructive notice of Plaintiff's federally registered trademark under 15 U.S.C. § 1072.  Plaintiff is further informed and believes, and on that basis alleges, that Defendants had actual notice of Plaintiff's federally registered trademark under 15 U.S.C. § 1072.  Upon information and belief, Defendants had actual knowledge of the extensive and valuable reputation symbolized by the FOXY MARK and its association with Plaintiff.

57.     Defendants' PALINDROME MARK is extremely similar to Plaintiff's famous and distinctive FOXY MARK.

58.     Upon information and belief, Defendants' deliberately chose the PALINDROME MARK in order to trade on the goodwill, reputation, and fame established by the FOXY MARK and to unjustly enrich themselves at the expense of Plaintiff by adopting the FOXY MARK.

59.     Defendants' unauthorized use of the PALINDROME MARK in interstate commerce in the sale, advertising and promotion of marijuana plant byproducts and goods cause dilution by blurring the distinctiveness, strength, and value of Plaintiff's famous mark.

60.     Based upon Defendants' above stated conduct, Plaintiff avers that the actions of Defendants described above, if not enjoined, will continue.  Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value of goodwill associated with the FOXY MARK trademarks, and injury to Plaintiff's future business and profits.

61.     By reason of the foregoing acts, Defendants' unauthorized use of the PALINDROME MARK as alleged herein, with knowledge of Plaintiff's famous FOXY MARK, constitutes willful intent to trade on the recognition of the famous FOXY MARK in violation of 15 U.S.C. (c)(2)(B).  Plaintiff respectfully requests the Court grant relief as set forth in more detail in the prayer for relief below.

## THIRD CAUSE OF ACTION

### Federal Trademark Dilution by Tarnishment

*15 U.S.C. § 1125(c)(2)(C) against all Defendants*

62.     Plaintiff realleges and incorporates herein the allegations contained in the above Paragraphs of this Complaint.

63.     The actions of Defendants described above and specifically, without limitation, Defendant's unauthorized use of the famous FOXY MARK constitutes a separate infringement and tarnishment upon Plaintiff's registered trademarks respectively, pursuant to 15 U.S.C. § 1125(c)(2)(c).

64.     Defendants' use in commerce of the PALINDROME MARK as well as the use of an image of a fox on their website, is such a colorable imitation and copy of Plaintiff's FOXY MARK trademark that Defendants' use thereof, and specifically, without limitation, unauthorized sales, advertising and promotion of federally illegal marijuana flower byproducts directly harm, blurs, and tarnishes the reputation of the famous FOXY MARK.

65.     Such use by Defendants has and is likely to continue to cause confusion, mistake and deception of the public as to the identity and origin of Plaintiff's goods and services and will cause consumers to associate the famous FOXY MARK with illegal use and narcotics. Defendants' use has caused and will continue to cause damage to Plaintiff, and is causing irreparable harm to Plaintiff's business, reputation, and goodwill for which there is no adequate remedy at law.

COMPLAINT FOR TRADEMARK INFRINGEMENT, DILUTION, FRAUD IN THE PROCUREMENT, CANCELLATION OF REGISTRATION
The Nunes Company, Inc. v. Palindrome Enterprises Inc., et al.     N.D. CA; Case No.

66.     Moreover, Plaintiff is informed and believes, and on that basis alleges, that Defendants' unauthorized use of the famous FOXY MARK has been undertaken willfully and with the intention of causing confusion, mistake, or deception.

67.     Based upon Defendants' above stated conduct, it is clear that the actions of Defendants described above, if not enjoined, will continue.  Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value of goodwill and reputation associated with the FOXY MARK trademarks, and injury to Plaintiff's business and profits.

68.     By reason of the foregoing acts, Defendants are liable to Plaintiff for placing its image in a bad light and tarnishing its reputation under 15 U.S.C. § 1125(c)(2)(C) and Plaintiff respectfully requests the Court grant relief as set forth in more detail in the prayer for relief below.

**FOURTH CAUSE OF ACTION**

**Federal Trademark Fraud in the Procurement**

*15 U.S.C. § 1120 against all Defendants*

69.     Plaintiff realleges and incorporates herein the allegations contained in the above Paragraphs of this Complaint.

70.     The actions of Defendants described above and specifically, without limitation, Defendants' fraudulent misrepresentations on their USPTO application were made intentionally, recklessly and without regard for truth.   The USPTO reasonably relied on the statements Defendants submitted under penalty of perjury and registered the mark.

71.     Moreover, Plaintiff alleges that the USPTO relied on such statements in its decision to register the PALINDROME MARK and would not have done so if they were aware the registration would be used for  federally  illegal Schedule One (1) narcotic.

72.     It is further alleged that Defendants willfully misrepresented material facts to the USPTO and upon receipt of the PALINDROME MARK changed the purpose and use of the mark

to conduct direct to consumer sales of marijuana from their website under the registered mark while intentionally hiding that fact by failing to notify or seek approval from the USPTO.

73.     Based upon Defendants' above stated conduct, it is clear that the actions of Defendants described above, if not enjoined, will continue.  Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value of goodwill and reputation associated with the FOXY MARK trademarks, and injury to Plaintiff's business and profits.

74.     By reason of the foregoing acts, Defendants are liable to Plaintiff for violation of 15 U.S.C. § 1120 and Plaintiff respectfully requests the Court grant relief as set forth in more detail in the prayer for relief below.

## FIFTH CAUSE OF ACTION

### Federal Cancellation of Registration

*15 U.S.C. § 1064 against all Defendants*

75.     Plaintiff realleges and incorporates herein the allegations in the above paragraphs of this Complaint.

76.     The act of the Defendants described above with particularity and specifically without limitation, the intentional misrepresentation of the Defendants' intent in an effort to fraudulently procure the PALINDROME MARK during the USPTO registration application process directly causes irreparable harm to Plaintiff.  Moreover, Defendants were aware of the famous FOXY MARK and continue to make use thereof.

77.     Moreover, the furtherance of the tarnishment and blurring of Plaintiff's FOXY MARK harms the Plaintiff's famous reputation and directly associates the FOXY MARK with illegal use and substances thereby causing irreparable harm and diminution to Plaintiff's reputation, brand and market share.

78.     Based upon Defendants' above stated conduct, Plaintiff avers that the actions of Defendants described above, if not enjoined, will continue.  Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in

COMPLAINT FOR TRADEMARK INFRINGEMENT, DILUTION, FRAUD IN THE PROCUREMENT, CANCELLATION OF REGISTRATION
The Nunes Company, Inc. v. Palindrome Enterprises Inc., et al.     N.D. CA; Case No.

the value of goodwill associated with its FOXY MARK trademarks, and injury to Plaintiff's future business and profits.

79.     By reason of the foregoing acts, Plaintiff respectfully requests the Court grant relief as set forth in more detail in the prayer for relief below and more specifically cancel Defendants' PALINDROME MARK for violation of 15 U.S.C. § 1064.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for judgment as follows:

**1.     IT IS REQUESTED THAT** Plaintiff be granted injunctive relief under 15 U.S.C. § 1116 against Defendants and their agents, employees, representatives, successors, assigns, attorneys and all other persons acting for, with, by, through or under its authority, and each of them, such that they be preliminarily and permanently enjoined from each of the following (the "Injunction"):

(a)     Using Defendant's PALINDROME MARK trademarks or any colorable imitation thereof; and

(b)     Using Plaintiff's FOXY MARK trademarks or any colorable imitation thereof; and

(c)     Using any trademark that imitates or is confusingly similar to or in any way similar to Plaintiff's FOXY MARK trademark that is otherwise likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of Plaintiff's services or their connectedness to Defendants.

**2.     IT IS FURTHER REQUESTED THAT**, in addition to the foregoing, Defendants be ordered pursuant to 15 U.S.C. § 1118 to perform each of the following:

(a)     Deliver up for destruction or otherwise certify that all containers, labels, signs, prints, packages, wrappers, receptacles, advertising, promotional material or the like in possession, custody or under the control of Defendants bearing a trademark found to infringe Plaintiff's FOXY MARK trademarks and other means of making the same have been destroyed;

COMPLAINT FOR TRADEMARK INFRINGEMENT, DILUTION, FRAUD IN THE PROCUREMENT, CANCELLATION OF REGISTRATION
The Nunes Company, Inc. v. Palindrome Enterprises Inc., et al.     N.D. CA; Case No.

(b)     Account to Plaintiff, pursuant to 15 U.S.C. § 1117, for any and all profits derived from Defendants' illegal acts complained of herein;

(c)     File with the Court and serve on Plaintiff within sixty (60) days after entry of the Injunction, a report in writing under oath setting forth in detail the manner and form in which said parties have complied with the Injunction;

(d)     Immediately remove the word FOXY and the fox image from Defendants' website *foxusa.com*;

(e)     Immediately transfer the  Defendants' website *foxusa.com* to Plaintiff, at Defendant's sole cost; and

(f)     Immediately transfer to Plaintiff all the websites and URLS held or controlled by Defendants, and each of them, that incorporate the PALINDROME MARK in whole or in part, at Defendant's sole cost;

(g)     Immediately submit to the jurisdiction of the Internet Corporation for Assigned Names and Numbers ("ICANN") and authorize ICANN to perfect transfer of any and all domains in accord with the foregoing; and

(h)     Immediately cease all use of the PALINDROME MARK in all social media settings, including but not limited to *Instagram*.

**3.**     **IT IS FURTHER REQUESTED THAT**, in addition to the foregoing, Defendants be held liable for money damages upon the foregoing:

(a)     Pursuant to 15 U.S.C. § 1117, for (i) infringing acts alleged herein as proven at trial, (ii) for Plaintiff's costs and reasonable attorney's fees in being forced to bring this action to protect its common law and federal rights, and (iii) for treble damages by reason of Defendants' willful and deliberate acts of federal trademark infringement and unfair competition;

(b)     Pursuant to 15 U.S.C. § 1125(a), for money damages suffered by Plaintiff resulting from Defendants' unauthorized use of Plaintiff's FOXY MARK trademark.

**4.**     **IT IS FURTHER REQUESTED THAT**, in addition to the foregoing, the Court order the USPTO to cancel and terminate the PALINDROME MARK under 15 U.S.C. § 1064,

1  and such further relief as permissible under applicable law and for such further relief that the Court

2  deems just and proper in relation thereto.

3       **5.      IT IS FURTHER AND FINALLY REQUESTED THAT**, in addition to the

4  foregoing, the Court grant Plaintiff any other remedy to which it may be entitled under 15 U.S.C.

5  §§ 1116 and 1117, or under any other applicable law and for such other and further relief that the

6  Court deems just and proper.

7

8  Respectfully submitted,

9

10  Dated: March 1, 2023                    HUDSON MARTIN PC

11

12                                          By: *Jeannette K. Witten*

13                                          Jeannette K. Witten
                                            Gavin Kogan

14                                          Attorneys for Plaintiff
                                            THE NUNES COMPANY, INC.

15

16                          **DEMAND FOR JURY TRIAL**

17       Plaintiff The Nunes Company, Inc. hereby demands trial by jury of all issues so triable

18  herein.

19

20  Dated:  March 1, 2023                    HUDSON MARTIN PC

21

22                                          By: *Jeannette K. Witten*

23                                          Jeannette K. Witten
                                            Gavin Kogan

24                                          Attorneys for Plaintiff
                                            THE NUNES COMPANY, INC.

25

26

27

28

COMPLAINT FOR TRADEMARK INFRINGEMENT, DILUTION, FRAUD IN THE PROCUREMENT,
CANCELLATION OF REGISTRATION
The Nunes Company, Inc. v. Palindrome Enterprises Inc., et al.   N.D. CA; Case No.